STEPHEN J. ERIGERO (SBN 121616)
E. LACEY RICE (SBN 266748)
JESSICA B. DO (SBN 317517)
ROPERS, MAJESKI, KOHN & BENTLEY
445 South Figueroa Street, Suite 3000
Los Angeles, CA 90071-1619
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Email: stephen.erigero@rmkb.com
lacey.rice@rmkb.com
jessica.do@rmkb.com

Attorneys for Defendants VAN DINH, and
CLOUDBREAK THERAPEUTICS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIER HOLDINGS (ASIA) COMPANY LIMITED, a foreign corporation<br><br>Plaintiffs,<br><br>v.<br><br>VAN DINH, an individual; CLOUDBREAK THERAPEUTICS, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  8:19−cv−02439−JLS−KES<br><br>*Assigned for all purposes to Hon. Josephine L. Staton Courtroom 10A*<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.    A.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   enter the following Stipulated Protective Order. The parties acknowledge that this

2   Stipulated Protective Order ("Protective Order" or "Order") does not confer blanket

3   protections on all disclosures or responses to discovery and that the protection it

4   affords from public disclosure and use extends only to the limited information or

5   items that are entitled to confidential treatment under the applicable legal

6   principles. The parties further acknowledge, as set forth in Section 12.3, below, that

7   this Stipulated Protective Order does not entitle them to file confidential

8   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

9   followed and the standards that will be applied when a party seeks permission from

10  the court to file material under seal.

     B. <u>GOOD CAUSE STATEMENT</u>

11

12       This action is likely to involve trade secrets, customer and pricing lists and

13  other valuable research, development, commercial, financial, technical and/or

14  proprietary information for which special protection from public disclosure and

15  from use for any purpose other than prosecution of this action is warranted. Such

16  confidential and proprietary materials and information consist of, among other

17  things, confidential business or financial information, information regarding

18  confidential business practices, or other confidential research, development, or

19  commercial information (including information implicating privacy rights of third

20  parties), information otherwise generally unavailable to the public, or which may be

21  privileged or otherwise protected from disclosure under state or federal statutes,

22  court rules, case decisions, or common law. Accordingly, to expedite the flow of

23  information, to facilitate the prompt resolution of disputes over confidentiality of

24  discovery materials, to adequately protect information the parties are entitled to

25  keep confidential, to ensure that the parties are permitted reasonable necessary uses

26  of such material in preparation for and in the conduct of trial, to address their

27  handling at the end of the litigation, and serve the ends of justice, a protective order

28  for such information is justified in this matter. It is the intent of the parties that

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The parties have agreed to be bound by the terms of this Order in this action. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

2.    DEFINITIONS

For purposes of this Order, the following terms shall have the meanings set forth below:

2.1 Action: this pending federal lawsuit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

an expert witness or as a consultant in this Action and (1) is not a past or current employee of a Party or of a Party's competitor, and (2) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

The protections conferred by this Stipulation and Order do not cover (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. However, if any Confidential Information or Protected Material becomes "publicly available" as the result of a breach or violation of this Order, or as the result of some other improper or inadvertent conduct, the parties shall nonetheless continue to treat such information as designated under this Order.  Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings in this captioned matter involving or relating to documents or any other information shall be subject to the provisions of this Order.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   pursuant to applicable law.

2   5.   DESIGNATING PROTECTED MATERIAL

3        5.1 Exercise of Restraint and Care in Designating Material for Protection.

4   Each Party or Non-Party that designates information or items for protection under

5   this Order must take care to limit any such designation to specific material that

6   qualifies under the appropriate standards. To the extent practicable, the Designating

7   Party must designate for protection only those parts of material, documents, items,

8   or oral or written communications that qualify so that other portions of the material,

9   documents, items, or communications for which protection is not warranted are not

10  swept unjustifiably within the ambit of this Order.

11       Mass, indiscriminate, or routinized designations are prohibited. Designations

12  that are shown to be clearly unjustified or that have been made for an improper

13  purpose (e.g., to unnecessarily encumber the case development process or to

14  impose unnecessary expenses and burdens on other parties) may expose the

15  Designating Party to sanctions.

16       If it comes to a Designating Party's attention that information or items that it

17  designated for protection do not qualify for protection, that Designating Party must

18  promptly notify all other Parties that it is withdrawing the inapplicable designation.

19       5.2 Manner and Timing of Designations. Except as otherwise provided in this

20  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

21  or ordered, Disclosure or Discovery Material that qualifies for protection under this

22  Order must be clearly so designated before the material is disclosed or produced.

23       Designation in conformity with this Order requires:

24       (a) for information in documentary form (e.g., paper or electronic

25  documents, but excluding transcripts of depositions or other pretrial or trial

26  proceedings), that the Producing Party affix at a minimum, the legend

27  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

28  contains protected material. To the extent practicable, if only a portion or portions of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

the material on a page qualifies for protection, the Producing Party must clearly identify the protected portions by making appropriate markings on the document to distinguish the protected portion.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that before the close of the deposition, the Designating Party either: (1) Identify the Disclosure or Discovery Material on the record of all protected testimony; or (2) Notify the Receiving Party that the testimony shall automatically be deemed "CONFIDENTIAL" from the time of deposition until fourteen (14) calendar days after receipt of the final transcript.  Pages of the entire transcript of testimony may be designated as containing "CONFIDENTIAL" information by written notification within fourteen (14) calendar days after receipt of the final transcript, and such designation shall apply subsequent to the fourteen (14) day period after receipt of the final transcript.  Arrangements shall be made with the court reporter taking and transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. or follow the procedures for informal, telephonic discovery hearings on the Court's website.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

[PROPOSED] STIPULATED PROTECTIVE ORDER

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, any special master, and their personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the witnesses are current employees or former employees who authored Protected Material of the Designating Party; (2) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (3) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)  representatives of Defendant's insurer to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Any party who discloses any information or item designated "CONFIDENTIAL" to any person pursuant to Section 7.2(b), (c), (f), or (i) shall have the duty to reasonably ensure that such person observes the terms of this Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Order.  Each such person to whom Protected Material is to be furnished, shown, or disclosed shall use said Protected Material solely for the purpose of this litigation and shall not communicate the information, directly or indirectly, to any other person, unless that person is also qualified to receive this information under the terms of this Order.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

"CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1        (1)   promptly notify in writing the Requesting Party and the Non-Party

2   that some or all of the information requested is subject to a confidentiality agreement

3   with a Non-Party;

4        (2)   promptly provide the Non-Party with a copy of the Stipulated

5   Protective Order in this Action, the relevant discovery request(s), and a reasonably

6   specific description of the information requested; and

7        (3)   make the information requested available for inspection by the

8   Non-Party, if requested.

9      (c) If the Non-Party fails to seek a protective order from this court within

10   14 days of receiving the notice and accompanying information, the Receiving Party

11   may produce the Non-Party's confidential information responsive to the discovery

12   request. If the Non-Party timely seeks a protective order, the Receiving Party shall

13   not produce any information in its possession or control that is subject to the

14   confidentiality agreement with the Non-Party before a determination by the court.

15   Absent a court order to the contrary, the Non-Party shall bear the burden and expense

16   of seeking protection in this court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  The production of privileged or work-product protected documents, electronically stored information or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information (including metadata) or other information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

12.4   Additional Parties.  In the event additional parties join or are joined in this Litigation, they shall not have access to Protected Material until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be bound by this Protective Order.

13.   <u>RIGHT TO ASSERT OTHER OBJECTIONS</u>

Producing or receiving materials pursuant to this Order or otherwise complying with the terms of this Order, including designating or not designating any information "Confidential" shall not:

(a)   operate as an admission by any party that any particular information does or does not contain or reflect trade secrets, or other proprietary and confidential matter; or

(b)   prejudice in any way the rights of any party to object on the basis of privilege or work-product doctrine, lack of relevance or on any other grounds, to the production of documents or information it considers not subject to discovery; or

(c)   prejudice in any way the rights of a party to seek a determination by this Court (i) whether particular information should be produced, or (ii) if produced, whether such information should be subject to the terms of this Order; or

(d)   prejudice in any way the rights of any party to object as to the admissibility of any evidentiary material; or

(e)   prejudice in any way the rights of a party to apply to this Court for a further protection relating to any information.

14.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

15.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED ___May 11, 2020_____

_____*/s/ Roland Ho*_____
Attorneys for Plaintiff SAIER HOLDINGS (ASIA) COMPANY LIMITED

DATED ___May 11, 2020_____

_____*/s/ Jessica B. Do*_____
Attorneys for Defendants VAN DINH and CLOUDBREAK THERAPEUTICS, LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED ___May 12, 2020_____

_Karen E. Scott_____
Hon. Karen E. Scott
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Saier Holdings (Asia) Company Limited v. Van Dinh, et al., Case No. 8:19−cv−02439−JLS−KES. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint the following as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order (may appoint yourself):

Full Name: _____

Address: _____

Phone Number: _____

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles